UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 04-4588(DSD/SRN)

Brian J. Price,

      Plaintiff,

v.                                       **ORDER**

Xerox Corporation, a New
York corporation, SHPS, Inc.,
a Florida corporation, also
known as SHPS Healthcare
Services,

      Defendants.

      William Starr, Esq., Starr Law Office, 746 East Mill Street, Wayzata, MN 55391 and Daniel Zeddies, Esq., Daniel Zeddies Professional Association, 1700 West Highway 36, Suite 222, Roseville, MN 55113, counsel for plaintiff.

      Richard J. Pautler, Esq. and Thompson Coburn, One US Bank Plaza, St. Louis, MO 63101 and Mary A. Rice, Esq. and Curtin & Rasley, 8500 Normandale Lake Boulevard, Suite 960, Minneapolis, MN 55437, counsel for defendants.

      This matter is before the court upon defendant's motion for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants defendant's motion.

**BACKGROUND**

      This is a denial of benefits action pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001, et

seq.  Plaintiff Brian J. Price was employed by defendant Xerox Corporation ("Xerox") and participated in the Xerox Corporation Long-Term Disability Income Plan and the Xerox Corporation Extended Long-Term Disability Income Plan (collectively "LTD Plan"). Defendant SHPS, Inc. ("SHPS") is the claims administrator for the purpose of determining medical eligibility under the LTD Plan.  On May 7, 2002, plaintiff became disabled and thereafter received short-term and long-term disability benefits under the LTD Plan. Plaintiff received benefits through September 30, 2003, after which they were terminated based on his alleged medical ineligibility. Plaintiff timely filed his first administrative appeal.  In early September 2004, SHPS advised plaintiff in writing that the denial of his disability claim was upheld.  It is undisputed that SHPS also adequately notified plaintiff of his right to file a second level appeal within sixty days.

Plaintiff never filed a second level appeal.  On October 26, 2004, plaintiff brought this action for benefits owing under the LTD Plan.  On December 10, 2004, Xerox moved to dismiss the action, after which plaintiff filed an amended complaint.[1]  Defendants now move for summary judgment for failure to name the proper defendants and for failure to exhaust administrative remedies.

---

[1] The issues raised in Xerox's motion to dismiss were either resolved by plaintiff's amended complaint or presented again in the present motion for summary judgment.

**DISCUSSION**

I.  **Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party.  See id. at 255.  The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial.  See Celotex, 477 U.S. at 324.  Summary judgment is appropriate where, as here, the parties stipulate to the facts in question and the

3

court need only apply the law to the facts in the record. See Oldham v. West, 47 F.3d 985, 988 (8th Cir. 1995) (summary judgment is appropriate when facts are not in dispute).

**II. Proper Defendant**

Defendants argue that they are improperly named because only the LTD Plan is a proper defendant in an action to recover benefits. (See Pl.'s Mem. Opp'n Mot. Dismiss at 8.) The employee benefit plan itself is ordinarily the primary defendant in an action to recover benefits. See Ross v. Rail Car Am. Group Disability Income Plan, 285 F.3d 735, 741 (8th Cir. 2002).[2] However, a defendant may be a proper party in a claim for benefits if it is the plan administrator or, where no administrator is designated, it controls administration of the plan. See Hall v. Lhaco, Inc., 140 F.3d 1190, 1194 (8th Cir. 1998) (citing Layes v. Mead Corp., 132 F.3d 1246, 1249 (8th Cir. 1998)). In Hall, the Eighth Circuit declined to decide whether a party other than the administrator named in plan documents could be a "de facto" administrator. See 140 F.3d at 1195. However, the court has since looked to, among other things, a party's role in an ERISA plan to

---

[2] The court in Ross also indicated that "a successful [ERISA] plaintiff may need to assert claims against both a plan and its sponsor and/or administrator and/or issuer of an insurance policy that provides benefits under the plan." 285 F.3d at 741 n.7. However, the court was referring to plaintiffs that seek both recovery of benefits and injunctive relief. See id. Here, plaintiff requests only recovery of benefits, for which the Layes and Hall cases are more on point. See infra.

4

determine whether it in fact administered the plan. See Ross, 285 F.3d at 743-44; see also House v. Paul Revere Life Ins. Co., 1999 WL 33499955, at *2 (W.D. Ark. 1999) (claims administrator was proper defendant because it had full and final authority to construe policies and provide benefits under ERISA plan).

Plaintiff argues that Xerox is a proper defendant because it is the plan sponsor and one of its employees is named the plan administrator. (See Pl.'s Mem. Opp'n Mot. Dismiss at 8-9.) Plaintiff also contends that SHPS is properly named because it serves as claims administrator. (See Am. Compl. at 2.) Defendants have not responded to plaintiff's arguments. Neither party has shown which defendant or defendants control administration of the LTD Plan or in fact administers the LTD Plan. For these reasons, the court cannot determine at this time whether defendants are properly named. Defendants' motion for summary judgment on this issue is denied.

**III. Exhaustion**

Defendants argue that the LTD Plan's provision of sixty days to file a second level appeal complies with ERISA regulations. They contend that plaintiff's failure to file the requisite second level appeal constituted a failure to exhaust his administrative remedies before bringing this civil action. Every employee benefit plan must provide claimants "a reasonable opportunity to appeal an adverse benefit determination." 29 C.F.R. § 2560.503-1(h)(1).

5

Plans providing disability benefits must allow claimants at least 180 days to file an appeal following notice of an adverse benefit determination.  Id. § 2560.503-1(h)(3)(i), (h)(4).  The term "adverse benefit determination" includes a denial of benefits.  Id. § 2560.503-1(m)(4).  In addition to an initial appeal, a plan may also require a claimant to file a second level appeal prior to seeking judicial review.  See id. § 2560.503-1(c)(2).

Plaintiff argues that the result of his first appeal qualifies as an adverse benefit determination that triggers the 180-day requirement.  Plaintiff asserts that because the LTD Plan only allowed sixty days in which to file his second appeal, the exhaustion requirement does not apply.  See 29 C.F.R. § 2560.503-1(l) (claimant has exhausted administrative remedies if plan fails to follow procedures consistent with requirements of this section).

The parties have not identified, and the court has not found, any case law addressing the required time in which to file a second level appeal for benefits under an ERISA plan.  A reading of the plain language of the regulation, however, reveals that plaintiff's argument is misplaced.[3]  The 180-day requirement applies when claimants for disability benefits receive "a notification of an

---

[3] Defendants also point to a Department of Labor website and "Frequently Asked Questions" page to support their argument that the LTD Plan does not have to provide 180 days notice for a second level appeal.  The court declines the invitation to rely on such "authority" and instead turns to the actual language of the regulation.

6

adverse benefit determination." 29 C.F.R. § 2560.503-1(h)(3)(i), (h)(4). The parties do not dispute that the initial denial of benefits is an adverse benefit determination that triggers the 180-day requirement. To determine whether an affirmation of a denial of benefits also triggers the requirement, the court first looks to the definition of "adverse benefit determination." The definition includes a denial of benefits, but does not specify whether the affirmance of a denial on appeal is included. (See McCullen Aff. Ex. B (SHPS advised plaintiff that "[t]he original decision - the denial of the claim - is upheld").) Therefore, the definition does not resolve the issue.

However, language elsewhere in the regulation indicates that only the initial denial of benefits is an adverse benefit determination. A plan's claim procedures shall not require more "than two appeals of *an adverse benefit determination*." 29 C.F.R. § 2560.503-1(c)(2) (emphasis added). The singular form of "adverse benefit determination" indicates that only the initial denial of benefits is such a determination.[4] Similarly, claimants must have "a reasonable opportunity to appeal *an adverse benefit determination*" in which the claimant is afforded "a full and fair

---

[4] The court notes that the regulation refers elsewhere to the "appeal of adverse benefit *determinations*." See, e.g., 29 C.F.R. § 2560.503-1(b) (emphasis added). However, when the phrase is used in plural form, other procedures such as "filing of benefit claims" are also identified in the plural form. Use of the plural form in such a context indicates a discussion of any and all claims generally.

7

review of the claim and *the adverse benefit determination*." 29 C.F.R. § 2560.503-1(h)(1) (emphasis added).  Again the language suggests that, for each claim, there is only one adverse benefit determination from which a claimant may take an appeal or appeals.  Accordingly, a decision to uphold or affirm a denial of benefits on appeal is not an "adverse benefit determination."  Therefore, the 180-day requirement does not apply to the second level appeal.

Despite the inapplicability of the 180-day requirement, the amount of time provided to file a second level appeal must be reasonable and allow for a full and fair review.  See 29 C.F.R. § 2560.503-1(b).  By the time a claimant for disability benefits files a second appeal, he has already been afforded a full 180 days to prepare and file his first appeal from the same adverse benefit determination.  For this reason, the provision of less than 180 days to file a second appeal is not necessarily unreasonable.  For general or non-disability claims, the provision of sixty days for a first level appeal is reasonable.  See 29 C.F.R. § 2560.503-1(h)(2)(i).  Although that provision does not apply in this case, it does indicate that sixty days can provide adequate time to file an appeal.  Plaintiff asserts that "claimants and plan administrators often develop extensive new evidence during the appeal process."  (Pl.'s Mem. Opp'n 2d Def. Xerox Mot. at 3.) However, plaintiff fails to distinguish between the first and second levels of appeal.  It is undisputed that plaintiff received

a full and fair review of the adverse benefit determination on his first level appeal.  Based on all of the above reasons, plaintiff has failed to show that the provision of 60 days for a second level appeal under the LTD Plan was unreasonable or otherwise did not comply with ERISA.  Therefore, plaintiff's failure to file his second appeal within 60 days amounted to a failure to exhaust his administrative remedies.  Summary judgment in favor of defendants is warranted.

### CONCLUSION

Based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1.   Defendant's motion for summary judgment [Doc. No. 25] is granted.

2.   Defendant's motion to dismiss [Doc. No. 4] is denied as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  July 28, 2005

s/David S. Doty
David S. Doty, Judge
United States District Court